BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION,<br><br>　　　　　　　　　　Plaintiff<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Court No. 23-00257<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

Plaintiff SeAH Steel VINA Corporation ("Plaintiff" or "SeAH VINA"), files this complaint to contest the final affirmative determination by the U.S. Department of Commerce ("Commerce") in the circumvention inquiry of the antidumping duty order on Certain Welded Carbon Steel Standard Pipes and Tubes from India.

JURISDICTION

1. This action arises out of a circumvention inquiry conducted by Commerce pursuant to Section 781(b) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1677j(b), and 19 C.F.R. § 351.226. Commerce published notice of the final determination of the inquiry in the *Federal Register* on November 9, 2023. *See Certain Welded Carbon Steel Standard Pipes and Tubes from India: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77279 (November 9, 2023) (hereinafter referred to as the "Final Determination").

2. This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(vi) of the Act, 19 U.S.C. § 1516a(a)(2)(A) and (B)(vi). Consequently, this Court has jurisdiction

over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3. Plaintiff is a producer and exporter of Welded Carbon Steel Standard Pipes and Tubes (hereinafter referred to as "Pipes and Tubes") from the Socialist Republic of Vietnam ("Vietnam"), the subject merchandise at issue in this appeal. Plaintiff participated as a respondent in the circumvention inquiry that is the subject of this appeal. Accordingly, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. On November 9, 2023, the *Final Determination* were published in the *Federal Register*. See *Certain Welded Carbon Steel Standard Pipes and Tubes from India: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77279 (November 9, 2023).

5. Plaintiff initiated this action by filing a summons on December 6, 2023, and filling this complaint on January 5, 2024, both within the time specified by Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of this Court, which permit parties to challenge the final affirmative determination of a circumvention inquiry by filing a summons within 30 days after the date of mailing of the final determination, and a complaint within 30 days thereafter.[1]

---

[1] The Final Determination was mailed to Plaintiff's counsel on November 6, 2023.

STATEMENT OF FACTS

6. In October 2011, the U.S. producers of pipes and tubes filed antidumping and countervailing duty petitions against imports of pipes and tubes from Vietnam and three other countries (India, Oman, and the UAE). SeAH VINA was selected as a mandatory respondent and individually examined in both the antidumping and countervailing duty investigations of Vietnam. The preliminary determination in both investigations were negative.[2] In the final determinations, the Department increased SeAH VINA's dumping margin to 3.96 percent, but again found only de minimis subsidies.[3] Before SeAH VINA could appeal Commerce's dumping determination, the U.S. International Trade Commission ("ITC") made a negative injury determination, terminating the investigation.[4]

7. In October 2015, the U.S. producers of pipes and tubes filed another petition against pipes and tubes from Vietnam and four other countries (Oman, Pakistan, the Philippines, the UAE). This second petition included only dumping claims against

---

[2] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 77 Fed. Reg. 32552 (June 1, 2012); *Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Countervailing Duty Determination With Final Antidumping Duty Determination*, 77 Fed. Reg. 19211 (Mar. 30, 2012).

[3] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Notice of Final Determination of Sales at Less Than Fair Value*, 77 Fed. Reg. 64483 (Oct. 22, 2012); *Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Final Negative Countervailing Duty Determination*, 77 Fed. Reg. 64471 (Oct. 22, 2012).

[4] *See Circular Welded Carbon-Quality Steel Pipe from India, Oman, the United Arab Emirates, and Vietnam*, Investigation Nos. 701-TA-482-484 and 731-TA-1191-1194 (Final), USITC Pub. 4362 (December 2012).

Vietnam.[5] Once more, SeAH VINA was selected as a mandatory respondent.[6] Once more, Commerce made a negative determination for SeAH VINA, finding a final dumping margin of *zero*.[7] And, once more, the ITC made a negative injury determination for Vietnam.[8]

8.   On May 17, 2022, Bull Moose Tube Company, Maruichi American Corporation, Nucor Tubular Products Inc., Wheatland Tube Company, and the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "USW") (collectively, "Domestic Interested Parties") filed a request that Commerce initiate a country-wide circumvention inquiry under Section 781(b) of the Act, 19 U.S.C. § 1677j(b), and 19 C.F.R. § 351.226 to determine whether Pipes and Tubes completed in Vietnam using hot-rolled steel ("HRS") manufactured in India is circumventing the antidumping duty order on Pipe and Tubes from India ("the India Pipes and Tubes Order"), and accordingly, should be included within the scope of the India Pipes and Tubes Order.

9.   Commerce published a notice of initiation of the circumvention inquiry on August 4, 2022. *See Circular Welded Carbon Quality Steel Pipe from the People's*

---

[5] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 75042, (Oct. 28, 2016).

[6] *See Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 75042 (Oct. 28, 2016)

[7] *See id.*

[8] *See Circular Welded Carbon-Quality Steel Pipe from Oman, Pakistan, the United Arab Emirates, and Vietnam*, Investigation Nos. 701-TA-549 and 731-TA-1299, 1300, 1302 and 1303 (Final), USITC Pub. 4651, at 13-14 (December 2016).

*Republic of China; Certain Circular Welded Non-Alloy Steel Pipe from the Republic of Korea; Certain Welded Carbon Steel Standard Pipes and Tubes from India; Certain Circular Welded Carbon Steel Pipes and Tubes from Taiwan; Certain Circular Welded Non-Alloy Steel Pipe from Taiwan; Light-Walled Rectangular Pipe and Tube from the People's Republic of China; Light-Walled Rectangular Pipe and Tube from the Republic of Korea; Light-Walled Welded Rectangular Carbon Steel Tubing from Taiwan: Initiation of Circumvention Inquiries on the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 47711 (August 4, 2022).

    10.   On August 30, 2022, Commerce selected SeAH VINA and Vietnam Haiphong Hongyuan Machinery as the mandatory respondents. In accordance with the schedule established by Commerce, SeAH VINA timely submitted its responses to Commerce's initial and supplemental questionnaires. On April 12, 2023, Commerce issued the preliminary affirmative determination in which it determined that Pipes and Tubes completed in Vietnam using HRS manufactured in India and subsequently exported from Vietnam to the United States was circumventing the India Pipes and Tubes Order on a country-wide basis. As a result, Commerce preliminarily determined that Pipes and Tubes completed in Vietnam using HRS manufactured in India and subsequently exported from Vietnam to the United States should be included within the scope of the India Pipes and Tubes Order.

11. Interested parties submitted their case briefs and rebuttal briefs in May and June of 2023.[9] On November 9, 2023, Commerce issued a final affirmative determination in which it continued to find that Pipes and Tubes completed in Vietnam using HRS manufactured in India and subsequently exported from Vietnam to the United States was circumventing the India Pipes and Tubes Order on a country-wide basis, and thus should be included within the scope of the India Pipes and Tubes Order.

12. This appeal followed.

### STATEMENT OF CLAIMS

13. In this appeal, Plaintiff challenges Commerce's Final Determination in the circumvention inquiry of the antidumping duty order on Pipes and Tubes from India in which Commerce found that Pipes and Tubes completed in Vietnam using HRS manufactured in India and subsequently exported from Vietnam to the United States was circumventing the India Pipes and Tubes Order on a country-wide basis, and thus should be included within the scope of the India Pipes and Tubes Order.

14. Commerce's Final Determination was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law for the following reasons, among others:

(1) Commerce's determination that it was not bound by its previous determination that SeAH VINA's exports of pipes and tubes produced using imported HRS

---

[9] Commerce scheduled a verification of SeAH VINA's submissions in this inquiry to be taken place at SeAH VINA's factory in Vietnam in April 2023. However, the verification was ultimately cancelled by Commerce.

were products of Vietnam was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

(2) Commerce's decision to impose antidumping on SeAH VINA's pipe and tube exports where Commerce and the ITC previously determined that SeAH VINA's pipe and tube exports were not dumped and did not cause injury to the U.S. industry was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

(3) Commerce's determination that the production of pipes and tubes from imported HRS constituted "assembly or completion" within the meaning of the circumvention statute was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

(4) Commerce's determination that the process of completion of pipes and tubes in Vietnam was minor or insignificant and that the value added by SeAH VINA's production of pipes and tubes from HRS was small was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

(5) Commerce's failure to account for SeAH VINA's pattern of trade and sourcing and the lack of SeAH VINA's affiliation with any company located in India that produced pipes and tubes or HRS in reaching its affirmative circumvention determination was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

DEMAND FOR JUDGMENT

15. WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's *Final Determination* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law;

(2) Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3) Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/Jeffrey M. Winton
Jeffrey M. Winton
Vi N. Mai

WINTON & CHAPMAN PLLC
1100 13th St., N.W., Suite 825
Washington, DC  20005
(202) 774-5500

Attorneys for SeAH Steel VINA Corporation

Dated:  January 5, 2024