UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> BULL MOOSE TUBE COMPANY, *et al.*, ) <br> ) <br> Defendant-Intervenors. ) <br> ) | Court Nos. 23-00256, 23-00257, 23-00258 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

The United States respectfully submits this reply brief in support of its motion (ECF No. 40) to complete the administrative record with the memorandum entitled Analysis for the Preliminary Determination of the Antidumping Duty Investigation of Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam (Vietnam): SeAH Steel VINA Corporation (May 23, 2012) (public version). As we established in our moving brief, both plaintiff SeAH Steel Vina, Corp. (SeAH), and the Department of Commerce addressed this memorandum, which was produced during an earlier antidumping investigation, during the administrative proceedings at issue in these cases, but SeAH failed to file the document on the administrative record. In its response to our motion, SeAH essentially concedes that the relief that we seek is appropriate. *See* Pl. Resp., ECF No. 42 at 2 ("We do not oppose Defendant's

effort to make a copy of that memorandum available to the Court."). SeAH goes on, however, to argue that it was not required to file the Analysis Memorandum on the administrative record and that, regardless of whether the Analysis Memorandum is considered to be part of the administrative record, it can be appropriately cited by the parties. Arguably, the Court could grant our motion without resolving SeAH's disagreement, but, in any event, SeAH's position is unsupported and illogical.

Memoranda to the file such as ECF No. 40-1 are not among those documents that Commerce has historically allowed parties to cite without placing them on the record. When Commerce modified its regulations earlier this year,[1] it identified the limited universe of unpublished documents that interested parties may identify by citation without placing those documents on the record. 19 C.F.R. § 351.104(a)(6); *see also Regulations Improving and Strengthening the Enforcement of Trade Remedies Through the Administration of the Antidumping and Countervailing Duty Laws*, 89 Fed. Reg. 20,766, 20,769-72 (Dep't of Commerce, March 25, 2024) (*RISE Regulations*) (amending regulation and noting that agency had previous practice in line with regulation). The memorandum is not among the documents identified in 19 C.F.R. § 351.104(a)(6) and SeAH has failed to establish a practice of accepting documents such as the memorandum to the file. Indeed, SeAH's response merely involves an unsupported disagreement with Commerce's understanding of its own historical practice as expressed in the *Federal Register*. *See* 89 Fed. Reg. 20766-01, 20769-20772 (Mar. 25, 2024).

Notwithstanding that SeAH did not file the Analysis Memorandum on the record during the administrative proceedings, the administrative record consists of all documents "directly or indirectly considered by the {agency} decisionmaker(s)." *JSW Steel (USA) Inc. v. United States*,

---

[1] As noted in our moving brief, Commerce's new regulations are not directly applicable here.

466 F. Supp. 3d 1320, 1328 (Ct. Int'l Trade 2020); *see* 19 C.F.R. § 351.104(a)(1) (identifying as part of the official record any material, including "written argument" and "factual information," "presented to" Commerce during a proceeding). Commerce indisputably "considered" the document in question and analyzed the memorandum while making its decision in these proceedings. As such, Commerce "effectively made" the Analysis Memorandum "part of the administrative record," and amending the records of these proceedings reflects that reality and completes the record for the court's review here. *See NEXTEEL Co. v. United States*, 633 F. Supp. 3d 1190, 1203 (Ct. Int'l Trade 2023).

For these reasons, we respectfully request that the Court grant our motion to complete the administrative records and deem the memorandum to file (ECF No. 40-1) included in the administrative record.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          PATRICIA M. McCARTHY
          Director

          /s/ *Franklin E. White, Jr.*
          FRANKLIN E. WHITE, JR.
          Assistant Director

Of counsel:            /s/ *Stephen C. Tosini*
BENJAMIN JUVELIER           STEPHEN C. TOSINI
Attorney           Senior Trial Counsel
U.S. Department of Commerce           Commercial Litigation Branch
Office of the Chief Counsel           Civil Division
  for Trade Enforcement and Compliance           U.S. Department of Justice
Washington, D.C.           P.O. Box 480, Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 616-5196
          Email: stephen.tosini@usdoj.gov
October 30, 2024           Attorneys for Defendant

## CERTIFICATION OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, this reply contains 573 words as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Stephen C. Tosini